IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                        Petitioner,

v.

SHELLY J. RUSCH,[1]

                        Respondent.

OPINION & ORDER

14-cv-756-jdp

---

      Petitioner James Edward Grant is currently housed at the Wisconsin Resource Center, located in Winnebago, Wisconsin. Petitioner has previously been sanctioned by this court for his numerous frivolous filings and is generally barred from filing new cases in this court, with some exceptions. *See Grant v. Maggle*, No. 14-cv-78-bbc (W.D. Wis. Mar. 19, 2014). Petitioner is not barred from filing habeas corpus actions, *see id*, and in this action, I understand petitioner to be seeking habeas relief under 28 U.S.C. § 2254 for Dane County Circuit Court convictions for retail theft and disorderly conduct. Petitioner has also filed several supplements to the petition and related motions. Petitioner has paid the initial partial payment of the filing fee previously calculated by the court.

      The next step is for the court to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. In reviewing this *pro se* petition, I must

---

[1] Petitioner initially named Shelly J. Rusch as the respondent. I understand Rusch to be the assistant district attorney who prosecuted two of the criminal cases mentioned in the petition. The proper respondent is the warden (or comparable official) of the facility where petitioner is currently being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("proper respondent to a habeas petition is the person who has custody over [the petitioner].") (citation and quotation omitted). Thus, the proper respondent at present is likely Byran Bartow, director of the Wisconsin Resource Center. However, it is unnecessary to amend the caption until petitioner shows that his petition should be served upon Bartow.

read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing petitioner's submissions and relevant court records, I conclude that petitioner has procedurally defaulted his claims, and I will give him a short deadline to show cause why the case should not be dismissed.

As with many of petitioner's previous filings in this court, his submissions in this case are somewhat difficult to understand and raise various procedural problems. Some of the problems can be overlooked. Petitioner lists three criminal proceedings in the caption of his petition. Two of these cases—Dane County Circuit Court case nos. 12CM1754 and 12CM2488—appear to have been consolidated into one plea hearing, but the third case, 10CF1896, has already been the subject of a habeas proceeding in the Eastern District of Wisconsin, *see Grant v. Pollard*, 2014 WL 4925781 (E.D. Wis. Sept. 30, 2014). Because petitioner does not suggest that he has gotten permission from the Seventh Circuit to file a second habeas petition regarding that conviction, I will disregard it. Based on the caption, it also appears that petitioner seeks monetary damages, which are unavailable in a habeas action. If petitioner were to prevail in this habeas case, he would then be able to bring a separate lawsuit for damages, but for now I will disregard that issue.

The problem that cannot be overlooked is petitioner's procedural default. The federal habeas corpus statutes authorize relief only if the petitioner has exhausted all available state remedies. *See* 28 U.S.C. 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion requires a habeas corpus petitioner to "fully and fairly present" his claims in such a way as to give state appellate courts a meaningful opportunity to consider the substance of those claims and correct any mistakes. *Picard v. Connor*, 404 U.S. 270, 275

(1971); *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) (citations omitted). To "fully" present his claims, a petitioner must pursue all available avenues of relief and comply with the state's procedural requirements before turning to the federal courts. A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. *Curtis*, 552 F.3d at 582 (citing *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007)); *see also Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.").

My review of online Wisconsin court records[2] shows that petitioner did not present his claims through each level of the Wisconsin court system. Petitioner appealed the denial of his postconviction motions to withdraw his plea, but after the Wisconsin Court of Appeals affirmed the circuit court in a September 4, 2014 order, petitioner failed to file a petition for review with the Wisconsin Supreme Court and it is past the 30-day window for him to do so.[3] *See* Wis. Stat. §§ 808.10(1), 809.62. Because petitioner failed to present his claims to the Wisconsin Supreme Court, he has procedurally defaulted those claims. *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015).

Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a

---

[2] I draw the procedural history of petitioner's criminal appeals from the Wisconsin Supreme Court and Court of Appeals Case Access database, available at http://wscca.wicourts.gov (last visited August 4, 2015).

[3] Petitioner submitted a petition for review with the Wisconsin Supreme Court while his appeal was still pending in the Wisconsin Court of Appeals. *See* appeal no. 2013XX001633-CR (Wis. Dec. 11, 2013). That petition was dismissed summarily for failing to follow proper procedures and does not serve to fully present petitioners' claims to the Supreme Court.

result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010) (citing *Johnson v. Hulett*, 574 F.3d 428, 430 (7th Cir. 2009).

Cause to overcome a procedural default requires a showing "that some objective factor" that prevented compliance with the procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the alleged violations "worked to his actual and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citation omitted). A fundamental miscarriage of justice occurs only where the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g.*, *Dretke v. Haley*, 541 U.S. 386, 393 (2004).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his petition. *See Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss.").

I will give petitioner an opportunity to overcome his default by showing: (1) what cause he may have for his failure to properly present his defaulted claims to the Wisconsin

Supreme Court; and (2) what prejudice he will suffer as the result of his failure to raise these claims properly; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges. If petitioner fails to show that his procedural default should be overlooked, I will dismiss his petition.

Petitioner also filed motions for provision of legal materials, Dkt. 3, and for release pending resolution of the proceedings, Dkt. 18. Given that petitioner has seemingly had no problem filing several supplements to his habeas petition, he fails to show that he is being blocked from litigating this case such that this court would take the drastic step of considering injunctive relief regarding his legal supplies.

Although there is authority stating that federal district judges in habeas corpus proceedings under 28 U.S.C. § 2254 have "inherent power to admit applicants to bail pending the decision of their cases," *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (citing *In re Wainwright*, 518 F.2d 173 (5th Cir. 1975) (per curiam)), it is a "power to be exercised very sparingly." *Cherek*, 767 F.2d at 337. Particularly given the long odds petitioner now faces in this habeas proceeding given his procedural default, he comes nowhere close to showing that release is warranted.

ORDER

IT IS ORDERED that

1. Petitioner James Edward Grant is directed to show cause why his petition should not be dismissed as barred by the doctrine of procedural default. Petitioner may have until September 3, 2015, to file his response.

2. Petitioner's motion for provision of legal materials, Dkt. 3, is DENIED.

3. Petitioner's motion for release pending resolution of the petition, Dkt. 18, is DENIED.

Entered August 13, 2015.

                                    BY THE COURT:

                                    /s/

                                    _____
                                    JAMES D. PETERSON
                                    District Judge