IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

        Petitioner,

 v.                  OPINION & ORDER

SHELLY J. RUSCH,           14-cv-756-jdp

        Respondent.

---

  Petitioner James Edward Grant, who is currently housed at the Wisconsin Resource Center, located in Winnebago, Wisconsin, has filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks relief from Dane County Circuit Court convictions for retail theft and disorderly conduct.

  I previously ordered petitioner to show cause why this action should not be dismissed for the procedural default of his claims. *See* Dkt. 26, at 4-5. As with many of petitioner's many filings in this court, his habeas petition is unfocused and somewhat difficult to follow. But to the extent that he raises claims regarding the denial of his postconviction motions to withdraw his plea, I concluded that petitioner presented those claims to the Wisconsin Court of Appeals but not the Wisconsin Supreme Court. *Id*. at 2-3.

  Petitioner has filed his response to the show cause order. He has also filed a host of other motions of varying degrees of relevance to § 2254 proceedings. After considering petitioner's response, I conclude that the case should be dismissed. Petitioner's various motions will be denied as moot.

  Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a

result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010) (citing *Johnson v. Hulett*, 574 F.3d 428, 430 (7th Cir. 2009)). Petitioner fails to meet either of these standards.

Cause to overcome a procedural default requires a showing "that some objective factor" prevented compliance with the procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the alleged violations "worked to his actual and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citation omitted). Petitioner does not raise a persuasive argument for cause for his default. He states that he mistakenly prematurely filed petitions for review with the Wisconsin Supreme Court while his appeal was still pending. He terms this "only a minor 'technical' procedural default." Dkt. 28, at 11. But petitioner does not explain why he did not follow up his denied appeal with new, proper petitions for review. Petitioner's failure as a pro se litigant to properly follow the state's procedural rules is not a reason to find cause for procedural default. *See, e.g.*, *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010) ("This court has specifically rejected the argument that a petitioner's *pro se* status alone constitutes cause in a cause-and-prejudice analysis.").

Nor does petitioner show that failure to consider his claims will result in a miscarriage of justice. A fundamental miscarriage of justice occurs only where the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *Dretke v. Haley*, 541 U.S. 386, 393 (2004). Under this exception, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new

evidence, 'it is more likely than not that no reasonable juror would [find] petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 319-322 (1995)). This is so even in a case such as petitioner's, where he was convicted pursuant to a guilty plea as opposed to a jury trial. *See Bousley v. United States*, 523 U.S. 614 (1998) (applying "actual innocence" test to case involving plea); *Hanson v. Haines*, No. 13-CV-01145, 2014 WL 4825171, at *2 (E.D. Wis. Sept. 26, 2014) (discussing application of *Bousley* to § 2254 petitioner). This standard "is a demanding one that 'permits review only in the extraordinary case.'" *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014) (quoting *House*, 547 U.S. at 538).

Petitioner falls far short of meeting this demanding standard. He provides a litany of reasons he believes he should be granted habeas relief, but he does not suggest that any of them have to do with evidence he did not have available to him at the time he pleaded guilty. Therefore, I conclude that he has procedurally defaulted his claims.

Usually a dismissal under the doctrine of procedural default would be with prejudice. *See, e.g.*, *Villarreal v. Dep't of Cmty. Corr.*, No. 10-C-1023, 2011 WL 5967247, at *3 (E.D. Wis. Nov. 29, 2011). But out of an abundance of caution, I will not dismiss this petition with prejudice. Petitioner has currently pending appeals of newly filed postconviction motions, *see State v. Grant*, Nos. 2015AP2550CR and 2015AP2551CR (Wis. Ct. App.). Although I doubt that petitioner will be able to bring a procedurally compliant postconviction motion in Wisconsin courts at this point, I will deny this habeas petition without prejudice for his failure to exhaust his administrative remedies, so that he may file a new habeas petition if and when he successfully completes a full round of briefing on a claim for relief in the state courts.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Because reasonable jurists would not debate whether petitioner has shown that he is entitled to proceed with his habeas action despite his procedural default, and I see no basis to encourage further proceedings, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

1. James Grant's petition for a writ of habeas corpus, Dkt. 1, is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust his state court remedies.

2. The clerk of court is directed to enter judgment for respondent and close this case.

3. The various pending motions filed by petitioner in this case are DENIED as moot.

4. A certificate of appealability is DENIED. Petitioner may seek a certificate from the court of appeals under Fed. R. App. 22.

Entered February 2, 2016.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge